### Francis Hutchison v. Louis H. Sullivan.

1. PRACTICE—*Propositions of Law.*—Under the statute providing that parties may submit to the court written propositions to be held as law in the decision of the case, either party may submit propositions embodying his theory of the case as exemplified by the evidence.

Assumpsit, for services of an architect. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Mr. Justice SHEPARD dissenting. Opinion filed February 27, 1900.

JAMES F. HUTCHISON, attorney for appellant.

FELSENTHAL, D'ANCONA & FOREMAN, attorneys for appellee.

Mr. Justice Freeman delivered the opinion of the court.

This is a suit upon the common counts, wherein appellee seeks to recover for services rendered in the preparation of preliminary plans and sketches for a proposed " Coliseum Building," which it was then hoped might be erected on what is described as the " Old Base Ball Grounds," in the city of Chicago.

Appellee testifies that the purpose of the plans and sketches was to enable appellant " to place the matter intelligently before the people that he wished to interest financially;" that the price agreed upon for these preliminary or promotion plans was $400, and that he stated to appellant " that my interest must be protected, so that when the matter passed out of Mr. Hutchison's hands I should be sure that I would be the architect of the building when the building was erected;" to which he states appellant agreed. In other words, appellee's version of the agreement is that he was to prepare the preliminary or promotion plans, upon the condition that if the scheme succeeded and the building should be erected, he should be its architect, and if the scheme did not succeed, then he was to receive $400 from appellant for the preliminary plans.

Appellant on the other hand, claims that the contract contained no such condition. His statement is to the effect that after preparing the promotion sketches, appellee refused to permit them to be used for the purpose for which they were made, viz., to be shown to prospective investors as a means of promoting the scheme, thus violating the agreement; that the agreement was that appellee should receive $400 in sixty days for the preliminary plans to be used for promotion, which were to be furnished in thirty days, and that subsequently appellee endeavored to force him into signing a new contract in writing, wherein he should agree to make appellee architect of the building if constructed. This proposed contract bearing appellee's signature, was introduced in evidence, together with the following letter:

"MAY 4, 1898.

FRANCIS HUTCHISON, ESQ.,
    664 W. Adams St., City.
    DEAR SIR: I learn from Mr. O'Neill's office that you
have not yet affixed your signature to our contract with
reference to the proposed Coliseum. Kindly do so without
further delay, as I shall otherwise not be in a position to
show any documents to your people on Saturday, as I
desire to have my own relations to the project definitely
established, and this at present can only be done through
your signature to the document.
                        Yours truly,
                            LOUIS H. SULLIVAN."

The cause was submitted to the court without a jury.

The statute provides that either party may submit to the
court written propositions to be held as law in the decis-
ion of the case. (Sec. 42, Practice Act.) In accordance
with this provision, appellant's counsel submitted the fol-
lowing:

1. That if the plaintiff entered into a contract with the
defendant to furnish promotion plans for a Coliseum build-
ing for the sum of $400 to be paid in sixty days, and the
plaintiff afterward notified the defendant that he would not
allow the defendant the use of the plans for the purpose for
which the defendant contracted for the same, that is, in
the promotion of the building of the Coliseum, unless the
defendant should sign a contract with the plaintiff for all
the work of an architect on the said Coliseum, which
contract contained an agreement making the said con-
tract a lien on the defendant's interest in the land, the
plaintiff can not recover and the finding should be for the
defendant.

This proposition is in effect that if the court finds the facts
as appellant claims they are shown to be by evidence intro-
duced in his behalf, then, under the law applicable to such a
state of facts, the finding must be in his favor. The con-
tention between the parties is one of fact, viz., what was
the contract. Appellant claims the contract was that
appellee should furnish promotion plans, for which he was
to be paid $400 in sixty days. If this was the contract

Hutchison v. Sullivan.

and appellee afterward refused to perform his part of it unless appellant would sign a new contract with additional provisions forming no part of the original agreement, then appellee would not be entitled to recover and the court should have so held as a proposition of law. If, on the other hand, the contract as originally made contained an addi-tional provision that appellant should sign a written contract like the one in evidence as a condition precedent to being furnished with the promotion plans, and he refused so to do, then, under the law applicable to such facts, appellee might recover. Appellant was, however, entitled to have the court hold as law a proposition stating a correct rule applicable to his theory of the case so far as it was sustained by evidence. The court may have found the facts against appellant, but having refused to hold, as requested, a correct rule of law applicable to one state of the facts which there is evidence to support, we can not now determine whether the judgment is based upon a finding of the facts in favor of appellee, or upon an erroneous view of the law.

We think it was error to refuse to hold appellant's first proposition as law, and the judgment of the Superior Court must be reversed and remanded.

Mr. Justice Shepard, dissenting.

In my opinion the proposition of law referred to was properly refused to be held. It contains only a partial hypothesis based upon appellant's theory of the case, and has no reference to appellee's theory, which, as disclosed by the evidence, admitting all that appellant's evidence shows the contract to have been, is that the contract included the further element that appellee should be employed as architect of the building if the same should be proceeded with.